And Mr. Tin, whenever you're ready, we'll hear somewhat similar discussion, not identical. May it please the court, my name is Noel Tin, Jake Sussman, my partner and I represent Jeremiah Sloan. I think we have a sense of what some of the overlapping issues are, I'll cut to the chase. I hope that the longer that discussion went on, the more it started to sound like what the government was making was a merits argument, that the jurisprudential standard under 2254 is just whether the case is new, retroactive, and what they're basically arguing for, I think, is an argument that it's retroactive for people according to the underlying offense. I don't think that's the standard. I don't think that's what Judge Wilkins' opinion calls for in Williams. I think that what it calls for is a strict analysis based solely on the 2254b2 standards. I can make the same arguments as to why I think Miller is distinct from Graham, that Graham is a prohibition. You said 2254. I take it you mean 2240. 2244, Your Honor. I'm sorry. Okay, I just want to make sure we're on the same case. Yeah, and I may screw up the statutory numbers before this argument's over again. Mr. Sloan got some relief under USC 3582c2, did he not? He did, Your Honor. He went from life plus 45 to 360 on the drug offense down to 292 plus 45. And obviously what we want is the opportunity to explore in the district court the fact that we think it's still life. His current lead… You think it's still what? We contend it is the equivalent of life. And at this stage, all we want is the opportunity to explore that in the district court. The Ninth Circuit says a term of years can be life. The government appears to concede that a term of years can be life. His current release date is 2055, when I think it would make him 82, when he's released from prison. So he got some relief, but we don't think that's fatal to our claim. Let's cross this hurdle. Are you filing a Graham claim or a Miller claim? Miller claim, Your Honor. A Miller claim. All right, tell us why. Graham is obviously a prohibition on life sentences for non-homicides. Miller speaks, and what the court says is it speaks to the mandatory nature of the sentence imposed. It basically says that Graham elevated life sentences for juveniles to a status that the Woodson analysis became relevant, that the Eighth Amendment prohibited a mandatory sentence. And I think we all remember, this case came from the day when these sentences really were mandatory. 924C, three counts, was all statutory and mandatory. The guidelines were mandatory, it was all pre-booker. And that aspect is what implicates the Miller holding. I join Mr. Gowdy when he says that Justice Breyer's concurrence delineates a distinction between a Miller and a Graham claim. I also want to bookend that with the point that the petitioner in Graham would not have received relief under the holding in Miller. There, he had a recommendation for four or five years, and the judge discretionarily gave him life. And these are distinct, overlapping, certainly our case has features which implicate both cases. But the rights we're seeking to assert, and the rights which are recognized in those cases most importantly, are, we say, distinct. And when the Supreme Court says that they are relying on two lines of cases, the Graham line and the Woodson line, to form a new right, and that seems to be exactly what the opinion says, and I do think it's the plain language, that we can assert a Miller claim and still be timely. I don't know whether it's a windfall for our client or not. That's somewhat of a change in position, isn't it? Because you started with a dual claim. We did. And we did. It's narrower now. You know, the Supreme Court, in Miller, when they talk about Graham, makes it pretty broad. They say, so Graham's reasoning implicates any life without parole sentenced imposed on a juvenile, even as its categorical bar relates only to non-homicide offenses. That's right. We don't deny that there is a basis for relief under Graham. We're just arguing that the basis for relief under Miller that we're entitled to assert is distinct. And we don't, I mean, that's our position. Our position is that's consistent with the statutory language, that's consistent with Judge Williams' opinion in Wilkins, and I know there's probably a lot of things we could get into, but I'm going to emphasize as strongly as I can that what we're talking about here is supposed to be a cursory glance at the merits, and I think that the statutory standard, if I'm reading, I don't want to put words in Mr. Miller's mouth, but I think the government's conceding that we're satisfying the statutory standard, except as of this new rule issue. I think they're conceding that Miller is a new rule made retroactive to the Supreme Court. I think that that's, and they can speak to that, but I think- Yeah, but doesn't it have to, I mean, as I questioned Mr. Gowdy, I would think that when we're looking at a new rule under Section 2255H, we've got to be looking at a new rule that's relevant to the defendant. I think that mostly that's, I'm all, Your Honor may not agree with this, but here's our position. Well, let me just answer my question. Wouldn't it have to be relevant to the defendant? We couldn't just take any case from the Supreme Court and say it's a criminal case and your the circumstances of your case. There may be some line of frivolousness out there, I'm going to argue that it's not implicated here, that at least at the cursory glance stage, that that's a higher level of scrutiny than- I mean, there's some suggestion that you're making and Mr. Gowdy making that I find very difficult under any argument, is that we don't have to consider whether the new right is applicable to the defendant. Because under the standard, we have to say that there's got to be some reasonable likelihood that it's going to lead to some kind of arguable 2255 motion. I mean, that's what we're here for, is to screen out 2255 motions, not to go through some exercise that decides whether a Supreme Court case is a new rule that's retroactive, but not applicable to you. I mean, if you conceded it's not applicable to you, would we grant it? I'm going to more or less argue that if the court's going to deny it- No, no. My question is, if we say it's a new rule that's retroactive, but you concede it's not to grant the permission? My argument is that if the court's going to deny it in that circumstance, where there's a completely irrelevant rule of law that some petitioner wants to raise, it's still going to have to be tied to the statutory standards. It's still going to have to be tied to what the statute says this court's here to do. Do you accept the statutory standard that we identified in Williams? Yes. Okay. Well, that does require a reasonable ... The idea that we're sending it to the district court with a reasonable claim that it could succeed. I think that we're not in that universe of facts, is what I'm ... I mean, what I'm trying to say is there is- You're reaching very far, and my question would have to take me to the hypothetical I gave earlier. That is, if you made your case totally under Graham, didn't rely on Miller, you say, we're relying only on Graham, could we deny it now? I'm going to say the court should, and the reason I'm going to say the court- That's so totally out of the ballpark. I mean, your colleague in the first case went the other way, and I think he, appropriately, I mean, Congress had to have something in mind in having us grant permission to go ahead, and they didn't say we have to decide the case. I think that's pretty well accepted, and our questions initially may have indicated we're focusing too much on the merits, but it seems to me you have to have a look-peek to see if there is a new rule that is applicable to your client, or at least plausibly claimable by your client. If you can't claim it under any plausible, as you say, frivolousness, we shouldn't be giving the gate okay, should we? Well, here's what I think Congress had in mind. I think what Congress had in mind is screening out claims that don't satisfy the doctrinal requirements of a new rule that's retroactive, and look, I may have argued for a broader rule than I needed to because I don't think we're in that universe. We think we have a viable claim- Yeah, but we have to understand the statutory claims and what you're asserting in order to make the later decisions. And you're saying basically all we have to do to decide it's a new rule, not even applicable to you, but a new rule that's made retroactive. That's basically what you're arguing. Well, we're arguing it's that based on the standards plus a cursory glance, and our position is that- Where do you get the cursory glance notion? That's just the language from Williams. It just says while this- Yeah, but Williams goes beyond the notion that it just has to be a new rule that's retroactive. While this determination may entail a cursory glance at the merits, for example, an appellate cannot show that he would not have been convicted but for constitutional error without adequately alleging some constitutional error. The focus of the inquiry must always remain on the 22544B2 standards. And we think that in a case where our client is doing 45 years plus 292 on mandatory sentencing for conduct when he's 16 and 17, and by the way, my client wanted me to emphasize that I erred when I said he entered the conspiracy when he was 17, he entered when he was 16. We think that that's a colorable claim, that we're not doing violence to whatever this court decides the gatekeeper function is. That the mandatory nature of that sentence, taking nothing in mitigation into account, is what implicates the holding in Miller. Well, I must say I'm taken back a little bit and I'm trying to think through your argument to my hypothetical that if you made only a Graham case here, three years after Graham was decided, that we should nonetheless give the okay to go through the gate.  I'm not really trying to push this court to eviscerate. I know, but the statutory language, as I pointed out to you, leads to absurdity because we couldn't even consider frivolousness. Well, that's, I didn't write the statute. I mean, it is. No, that's your interpretation of the statute. You can't have Williams and have that interpretation too. Williams construes this reasonable likelihood of the prima facie case, as did the 7th Circuit. But Williams is looking at the nature of the claims asserted there. That's the other part of this. And that's my argument. Williams is not looking at the merits so much as it's looking at what this pro se application is pleading. And it's liberally- But your interpretation, I guess, would rigidly prohibit us from taking a look peak at the merits. Is that right? My interpretation is- Is that right? My interpretation is you can take a cursory glance and- You can't look? You can look for some brief period of time. And what are we supposed to look for when we do that? I think that, I think, let's just, for purposes of discussion, I'm going to argue this, that what you're supposed to look for is some chance, no matter how slight, is that he satisfies the statutory gatekeeping criteria, new rule, retroactive, and that it's not completely inapplicable. I mean, I'll go that far. But- Well, where are you getting that language? I thought you were a strict instructionist. I would prefer that we all were in this context. But if I can't persuade the court, I don't- My point is we have to read these things with some kind of rationality in that every single court in the country, every single court in the country has read some gatekeeping standard into the prima facie requirement. And the prima facie requirement permits more than what you're saying. You're basically saying if we have a new rule, we can't even decide whether it's applicable or irrelevant under your standard. Well, that's how I'm reading Williams, Your Honor. It's how I'm reading the statute. It's how I'm reading Williams. But I think the larger point is I don't think we need to get that far. I don't think our claim goes that far. Well, sure, if you're right on that, you win. You get permission and you go ahead. But I must say that sort of abdicates- that basically says any time the Supreme Court creates a new rule that's retroactively applicable, every criminal defendant gets to file a 2255 whenever at any time. Well, I'll come back. Let me offer you this on my time. It seems to me that both Mr. Vassil and Mr. Sloan are attempting to get us to engage in the authorization process. The authorization process involves fact-finding, et cetera, which is usually done by the district court. We don't have any of that here. You're asking us to engage in and determine whether or not you're authorized to file these claims under Graham R. Miller. That is something that should be decided by the district court. Well, we're required to petition up here for authorization. I understand all that. And we didn't build an entire record because we think that we've satisfied the criteria under what we need to file up here. But yes, we think the district court should determine all of the underlying merits of this. I'm not sure I'm answering your Honor's question, but- Well, you've done a pretty good job. Okay. Thank you. All right. Mr. Miller. May it please the court, my name is William Miller here on behalf of the United States. Petitioner's motion arises under Graham and for that reason, it's time barred by the one year statute of limitations. I don't want to retread a lot of the argument that we've had here over and over again, but I'd highlight a couple of the points that Mr. Cook has already made in the previous case. Graham recognized the categorical prohibition on life without parole sentences for juvenile non-homicide offenders. That rule applies regardless of whether or not those sentences were imposed under a mandatory or under a discretionary sentencing scheme. Because this petitioner's offenses were all non-homicide, if he's able to allege a constitutional violation at all, that violation would arise under Graham and not under Miller. Every other court other than the Sixth Circuit has addressed issues where there's a clear statute of limitations bar at this stage and has declined motions to go back and pursue a successive release. And I would urge this court to do the same. Well, why don't you address Mr. Tinn's statutory interpretation argument. And as I understand it, it's this, 2255H says that when a petition is second or successive, you have to follow the procedures of make a prima facie showing that satisfies section 2244. Correct. And 2244 addresses whether a new rule is made retroactively applicable by the Supreme Court. Any other requirement? The interpretation that the petitioner urges in this case would just flood the courts with litigation. I understand, but I want to start with a statutory interpretation. I know where the courts have gone, and I've pressed Mr. Tinn on that, but he makes a legitimate argument that we have to get Congress's intent from the language of the statute. So what is your answer to how the statute is to be construed? So from a statutory perspective, this claim arises under 2255. And in 2255F, there is a one-year time bar statute of limitations. That's fair enough. But if it's second or successive, he has to get permission. That's correct, 2255H. And if he goes under 2255H to get permission, he has to go through a hoop. So you never get to the statute of limitations issue yet because you first have to get permission. And the permission is regulated by H. And H incorporates 2244. Correct. And what does 2244 say as to the requirements? 2244 includes permissive language saying that if a petitioner satisfies the requirements of this subsection, the court may authorize a successive petition. And by using that permissive language, it doesn't say it must. And courts have relied on that may, that permissive language, to reach the issue of statute of limitations in claims like this one where it's clearly out of time. It seems to me the may language suggests that that's a minimum requirement, what has to be shown. They may only if these things are shown. And your argument is that at that point, that suggests that you still look at somehow a little bit of the substance of what's being requested. That's correct. Our position is that 2244B3 states the necessary but not sufficient conditions for a petition. So that's the minimum requirements. Those are the necessary conditions. But it says may, and so that allows courts to consider issues like statute of limitations to avoid this absurd result of any time a petitioner comes along and cites to a new rule that the Supreme Court's made retroactive. Or the question of whether the new rule is applicable to this defendant in any claimable way, reasonably claimable way. And that's where this court's decision at N. Ray Williams comes into play. And as well as the language within 2244 that shows you have to rely on the new rule of constitutional law. That language is important because it relies on, that's where this plausible claim for relief comes into play. Just citing to a new rule without showing at least some ability to rely on that rule, again would open up and flood the courts with all of this litigation. And so that's the government's interpretation of how this statute of limitations comes into play in this case. I would also add that unlike some other cases, the statute of limitations issue is clear here. There are no facts for the district court to find. By not raising a Graham claim, there's no issue of equitable tolling as to that claim. Additionally here, there's no claim about when the petitioner actually filed his petition and when the decision in Graham came down. It's clear based on the date of the decision in Graham and the date the petitioner filed in this court that he's out of time. And so for those reasons, his petition, which arises under Graham, is barred by the statute of limitations in this case. I would also add that even if petitioner's claim were not barred, he hasn't adequately alleged a constitutional violation under Miller because his is not a life sentence based on juvenile crimes. In this case, the defendant has an independent adult conviction that supports the largest portion of his sentence, which is 292 months. And so the only portion of this petitioner's sentence that's even implicated, that relies on juvenile crimes, are the three 924Cs comprising 45 years. And no court would hold that a 45-year sentence amounts to a life sentence as to a defendant like this one. And so even if the court were to move beyond the statute of limitations issue in this case, which the government would urge it not to, I believe that fully resolves the issue, here the defendant hasn't shown a reliance on Miller either because he fails to meet the threshold requirement of Graham or Miller that his sentence be a life sentence based on juvenile crimes. Here that- He has two sentences for 292 months concurrent, one juvenile and one adult. Correct, Your Honor. And I believe I misstated in my brief, he was actually 19 years old at the time of the substantive offense. I think I said 18 in my brief. But that 19-year-old adult substantive conviction independently supports the 292-month portion of his sentence. And so even if he didn't have these time bar issues, that conviction alone shows that he hasn't alleged that he's been sentenced to life based on the juvenile crime. And in cases like this one, the Ninth Circuit and the First Circuit, where it's so clear that the defendant hasn't alleged a violation under Miller, they've exercised their gatekeeping functions and declined, even timely petitioners, the opportunity to proceed in those cases. In the Ninth Circuit case, the defendant was eligible for parole, so he didn't have life without parole. And in the First Circuit case, the sentence was discretionarily imposed up to life. And so in that case, they said that's not adequately alleged under Miller. And so the same type of analysis— Were any of those sentences based on what we have in this case, where you have this hybrid crime of conviction, partially as a juvenile and partially as an adult? Neither of those cases were. The issue in the First Circuit was the mandatory nature of the sentence, and the issue in the Ninth Circuit was whether or not there was an eligibility for parole. But here, the only portion of the defendant's sentence that's based exclusively on juvenile crimes is the 45-year term based on the 924C conviction. Well, in response to Judge Agee's question, didn't he have the other 292-month sentence for a conspiracy that straddled juvenile and adult? Yes, and that sentence runs concurrent to the adult conviction. And so even without considering the straddle conspiracy, it's clear that this defendant's entire term sentence, it's a combination of fixed terms, that that is not a life sentence because only 45 years implicates juvenile conduct. And so even if it weren't time-barred, that adult conviction undermines his claim, and in order to look at that, all the court needs to consider is the date of birth of the defendant and the judgment in this case that shows when those offenses took place. And so it's not some sort of fact-finding expedition that the district court needs to be sent on, and it's the type of claim that, in exercising its gatekeeping function, the Ninth Circuit and the First Circuit have rejected. I mean, to your point, Judge Agee, it's not precisely the same claim, but it's the same type of failure where they failed to allege one of the key aspects of Miller, which in this case is a life sentence based on juvenile crimes. And so for those reasons, in addition to the time-bar, this court should deny petitioner's motion. And unless the panel has any additional questions. Thank you, Mr. Miller. Mr. Tinn. I'm going to try to shift gears a little bit just to hit on a few things. I hope... I was just going to ask you to, at some point, to respond to the argument, the statutory argument, that what's the role of the discretionary word may, may only if he has this. In other words, it seems to leave open other possibilities, but require. You can address that in the course of your... Okay. I'll do my best, Your Honor. I wanted to start with the floodgates argument, because we've heard that during a couple of arguments here. And representing somebody who is doing what we contend is life for a non-homicide, it's hard to see the floodgates argument, because there just aren't that many people... You don't need to make that argument. If your client qualifies, your client gets relief. This isn't where we're going in and changing the statute, and everybody that's been convicted of a drug crime all of a sudden gets a claim to get out. This is a serious claim that a man was a juvenile. Clearly his gun violations were while he was a juvenile, and I'm not sure that addressing that point advances too much. Okay. But I also want to underscore, our position is the argument that some of this is exclusively attributable to adult conduct that the government is making. We think that underscores the importance, just how undeveloped the record is at this stage, and the importance of allowing the district court to sort it out. I know what we would like to argue in the district court. What we would like to argue is, we got to one and a half keys way based on juvenile conduct, everything else is surplusage. We'd like to argue, and I think this court knows that the separate looking sentence for the substantive drug offense is really just a 2D1.2 and 1.3 reflection of the overall quantity attributable to the conspiracy. All the pre-sentence report says is there were one and a half keys. That's what got them to level 38. We think that that's attributable to juvenile conduct. They may disagree, they may argue differently, but this court isn't in a position to resolve that. That is why we think the statutory standard is right, that further development is appropriate before a claim of this nature is disposed of one way or the other. What happens on a life sentence, on a term of years in federal prisons, the defendant can earn good time credit and subtract from those years. Can he in a life sentence? My understanding is that life, you don't get good time credit. Life is life. So there might be a reason for a difference between a life sentence and a term of years, even a long term of years. There could be. We checked his release date before coming here, I think it's 2055 right now. That's without good time credit. I would assume so, because they can't credit something that hasn't happened yet. So there may be some incremental reduction in that. But we still think we are above some of the other authorities that we cited. And the fundamental question being, is our client going to die in prison absent relief? We think the answer is yes, according to what the Sentencing Commission pegs as life, according to what the Ninth Circuit says can constitute life. And that's really the core concern I think that Miller's trying to address. As to this May question, I don't have a great statutory argument. We cited, obviously we've cited the cases, they've cited the cases. There's a part of me that just wants to argue that the court, even if the court in May, the court shouldn't. And again, it's an undeveloped record. But if the court looks at page 58 and 59 of some of the things in our client's background from all those years ago, that he has raised by a mother and an abusive father who wasn't around, except when he's abusing his mother. I thought your prior argument would be that we shouldn't be looking at it. Well, that's my argument. That should go to the district court. That's my argument. The extent it's considered. I don't want to, that's my argument. I mean, I'm not gonna, but I don't want to take a position that is broader than I need to take in order for us to get the relief that I think that we get under the statute. So maybe that's just, I don't think the May language squares with Williams. Your Honor knows what I, I mean, I only have so many different ways to say our position. Well, the May language would lead the court to take a look-see on anything that would inform whether this proceeding should go forward as a second or successive. And if, for instance, you could take a look-see at whether it's timely. If it were just a Graham claim, and nothing else, the look-see would inform the court that this is three years late, it's just not going anywhere, and the gatekeeping function might be appropriate. Your argument during your direct argument precluded that. It. Without totally taking into account the May part. But, and without taking into account the part under 2255H, which, which says we can, we have to. Yeah. Look at it as a, makes a primary basis showing. The, I guess, here's what I'm struggling with. I mean, I, you know, I, I believe that the statute doesn't leave any wiggle room once you satisfy the elements. But I don't really want to ask this court to do something that I don't think we need to take on in order for us to, to get relief. And, you know, I don't think it squares with, I think Williams is the clear mandate for what this court, how this court needs to review things. Let me see if Mr. Sussman here has anything else I better say before I take off. Best we can do, Your Honor. All right. Mr. Tinn, I, I recognize you're court appointed, and I want to recognize that. I also want to compliment you on your forceful arguments, and these, this, these are difficult issues, and they're important issues, and we're going to take them under consideration. We'll come down and greet counsel and proceed on to the next case.
judges: Paul V. Niemeyer, G. Steven Agee, Clyde H. Hamilton